UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Criminal Case No. 17-20037
v.                                Honorable Linda V. Parker

DARREL STAFFORD,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE, SUPPRESS AND DISMISS

     Defendant Darrel Stafford currently is charged in this case with retaliating against a federal official via a threat in violation of 18 U.S.C. § 115(a)(1)(A). Presently before the Court is Defendant's March 1, 2017 motion to suppress statements he made to his attorney during a June 21, 2016 telephone conversation and request, therefore, to dismiss the charge against him as it is dependent on those statements. (ECF No. 30.) The Government filed a response to the motion on March 22, 2017. (ECF No. 32.) Defendant filed a reply brief on April 5, 2017. (ECF No. 33.) Because the attorney-client privilege does not protect Defendant's June 21, 2016 statements, the Court is denying his motion.

## Background

On June 20, 2016, Defendant learned that an administrative law judge ("ALJ") had denied his recent application for social security benefits based on an alleged psychiatric disability. Defendant immediately telephoned the office of the attorney representing him in the social security case, but she was unavailable. According to the office employee who spoke with Defendant, he described himself as "angry, volatile, and dangerous."

Early the next morning, June 21, 2016, Defendant again called his attorney's office, expressing frustration and swearing. When told that it could be a few days before the attorney called him back, Defendant stated that he wanted some answers and did not care if he went to jail, the hospital, or wherever.

Later that day, Defendant's social security attorney called him. The telephone conversation was recorded. The attorney indicates that in a calm and collected manner, Defendant stated:

> I don't think [the social security ALJ] understands the state of mind he put me in… at this point in my life, with my mental stability that oh sure I could put a bullet in his head but you know what he's all done and doesn't feel a *** **** thing but I could put a bullet in one of his siblings or children or whatevers head and he could feel some pain from that … that's where I'm at and how sick my thoughts are right now. I don't care if I go to prison, I don't care if I go to a mental facility, I don't care if I go to my own ******* grave.

(*See* Govt.'s Resp. Br. at 6, ECF No. 32 at Pg ID 79.)  In response, the attorney informed Defendant that he needed to get help, should not say such things, that the threats were not appropriate, and that Defendant needed to check himself in for treatment.  Defendant replied that he was not ready to seek treatment at that moment, and that he was tired of listening and talking.  Defendant also told his attorney that "it's not a threat … it's what I feel like I wanna do…." (*See* Pl.'s Br. in Supp. of Mot. at 4, ECF No. 30 at Pg ID 68.)  Defendant then informed his attorney that he had beaten up individuals in the past, would not start a fight but would finish one, and was capable of violence.  (*See* Govt.'s Resp. Br. at 6, ECF No. 32 at Pg ID 79.)

Defendant's attorney reported Defendant's statements to the social security ALJ and law enforcement, resulting in the current charge.

**Argument and Analysis**

Defendant maintains that the conversation between himself and his social security attorney centered upon his need for continuing legal advice and his receipt of legal advice and, as such, the attorney-client privilege protects his statements.

The attorney-client "privilege is recognized in the federal forum." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) (citing *Fisher v. United States*, 425 U.S. 391 (1975); Fed. R. Evid. 501).  The privilege "exists 'to protect confidential communications between a lawyer and his client in

3

matters that relate to the legal interests of society and the client.' " *Id*. at 451 (quoting *In re Grand Jury Proceedings (Fine)*, 641 F.2d 199, 203 (5th Cir. 1981)). Its purpose is to encourage clients to make full disclosure to their attorneys in seeking legal advice. *Id*.; *see also Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (explaining that the purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.").

The attorney-client privilege may frustrate the investigative or fact-finding purpose of the judicial process, however. *Id*. ("Since the attorney-client privilege may serve as a mechanism to frustrate the investigative or fact-finding process, it creates an inherent tension with society's need for full and complete disclosure of all relevant evidence during implementation of the judicial process."). As such, the Sixth Circuit has advised "that application of the privilege not exceed that which is necessary to effect the policy considerations underlying the privilege, i.e., 'the privilege must be upheld only in those circumstances for which it was created.' " *Id*. (quoting *In re Walsh*, 623 F.2d 489, 492 (7th Cir.), *cert. denied* 449 U.S. 994

4

(1980)). In other words, "[a]s a derogation of the search for truth, the privilege is to be narrowly construed." *Id.* (citations omitted).

The person asserting the attorney-client privilege bears the burden of establishing its existence. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d at 450 (citation omitted). The essential elements of the privilege are:

> "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (quoting *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)) (additional quotation marks and citation omitted).

The attorney-client privilege does not extend to legal representation "secured in furtherance of present or intended continuing illegality …." *Id.* Relatedly, the crime/fraud exception defeats the privilege. *United States v. Collis*, 128 F.3d 313, 321 (6th Cir. 1997); *see also In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) ("All reasons for the attorney-client privilege are completely eviscerated when a client consults an attorney not for advice on past conduct, but for legal advice in carrying out a contemplated or ongoing crime or fraud.") (citing *Clark v. United States*, 289 U.S. 1, 15 (1993)). The crime/fraud exception applies where "a prudent person ha[s] a reasonable basis to suspect the perpetration or attempted

5

perpetration of a crime or fraud and that the communications were in furtherance thereof." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1039 (6th Cir. 1984). "[T]he client need not have succeeded in his criminal or fraudulent scheme for the exception to apply." *Id*. The Government has the burden of making the prima facie showing necessary to overcome the attorney-client privilege with the crime/fraud exception. *Collis*, 128 F.3d at 321.

Defendant fails to demonstrate that his statements to his social security attorney, allegedly threatening the ALJ, were made in pursuit of legal advice. Contrary to Defendant's assertion, his statements did not inquire or relate to "legal avenues that might be available to [Defendant] and his attorney, as they continued to pursue his psychiatric social security disability claim." (*See* Def.'s Br. in Supp. of Mot. at 2-3, ECF No. 30 at Pg ID 66-67.) Defendant was not inquiring about the impact of the ALJ's decision, his appellate rights, or alternative legal remedies available to him. That Defendant's statements may have referred to the effect of the ALJ's decision on his "state of mind" (*id*. at 3, ECF No. 30 at Pg ID 67) does not suggest that the communications were protected by the attorney-client privilege, particularly where the Sixth Circuit has instructed that the privilege must be construed narrowly.

Moreover, a prudent person would have a reasonable basis to suspect that Defendant was threatening to commit a crime (i.e., physically injuring the ALJ or a

6

member of the ALJ's family) in the statements made to his social security attorney. *See Nix v. Whiteside*, 475 U.S. 157, 174 (1986) ("A defendant who informed his counsel that he was arranging to bribe or threaten witnesses or members of the jury would have no 'right' to insist on counsel's assistance or silence. … An attorney's duty of confidentiality … does not extend to a client's announced plans to engage in future criminal conduct."); *see also United States v. Sabri*, 973 F. Supp. 134, 140-41 (W.D.N.Y. 1996) (holding that the defendant's statements to his immigration attorney, threatening to kill a federal immigration judge or federal law enforcement officers, are not protected by the attorney-client privilege). The fact that Defendant said "it's not a threat" does not undermine this conclusion, as he then indicated that "it's what I feel like I wanna do." Such a statement reasonably could be construed as clarifying an intent to act, rather than simply a threat to act. Moreover, Defendant made the statements in a calm and collected manner.

For these reasons, the Court concludes that the attorney-client privilege is not a basis for suppressing Defendant's June 21, 2016 statements to his social security attorney.

Accordingly,

**IT IS ORDERED** that Defendant's "Motion to Preclude, Suppress and

Dismiss" (ECF No. 30) is **DENIED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: May 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 11, 2017, by electronic and/or U.S. First Class mail.

        s/ Richard Loury
        Case Manager